## Cub v. Polish National Union of America

*Ernest J. Gazda,* for plaintiff.
*A. C. F. Kenouski,* for defendant.

LEACH, P. J., December 22, 1937.—By the agreed statement of facts the plaintiff became the beneficiary of the death benefit certificate of Andrew Polcik. An agreement was made by the plaintiff and approved by defendant, to support, maintain, and give the said Andrew Polcik a Christian burial and to pay the assessments and dues of the defendant society as they became due from time to time. Plaintiff complied with all the terms of his agreement and by the death of Andrew Polcik would be entitled to the insurance. By the Act of July 17, 1935, P. L. 1092, sec. 11, it is provided that: ". . . no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable".

Under the present bylaws of the society the plaintiff is not a legal beneficiary although under the bylaws in force at the time that plaintiff entered into his agreement to pay assessments such a contract was a legal contract. It is true that

"any changes, additions or amendments to [the] charter or articles of incorporation . . . constitution or laws made or enacted subsequent to the issuance of the benefit certificate shall bind the member and his beneficiaries in all respects . . . as though such changes, additions or amendments had been made prior to, and were in force at the time of, the application for membership": Act of May 20, 1921, P. L. 916, sec. 8.

However, it has been held that substantial rights which rest upon contract cannot be abrogated by new bylaws even where the power to abrogate them is reserved: Gurnacki v. Polish Roman Catholic Union of America, Inc., 113 Pa. Superior Ct. 189.

In the case at bar the society accepted the plaintiff as beneficiary and made a contract which was legitimate at the time and was legal under the laws of the State at that time. Subsequently the Act of 1935, supra, provided that no beneficiary shall have or obtain any vested interest in the said benefit until it has become due and payable. Thereafter the previous contract made by the defendant

with the plaintiff could not be made, and the bylaws were accordingly changed. However, this does not affect the rights of the plaintiff in this case. His situation is similar to that of a mortgagor under the Deficiency Judgments Act of January 17, 1934, P. L. 243. He had rights which were vested before the passage of the Beneficiary Society Act of 1935, supra, and to hold that this act applied to contracts existing before its enactment would render the law unconstitutional. It would violate article I, sec. 10, of the Constitution of the United States, which provides that no State shall pass any law impairing the obligation of contracts, and article I, sec. 17, of the Constitution of Pennsylvania, which provides that no law impairing the obligation of contracts shall be passed: Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483.

The court therefore makes the following conclusions of law as applicable to the facts in this case.

1. By agreement of the defendant society, in force at the time that the plaintiff was made the beneficiary, the plaintiff paid defendant the dues and assessments of Polcik, deceased, in conformity with the bylaws of the defendant society at that time and with notice to it and its acceptance of the obligation.

2. The bylaws of a fraternal organization cannot be changed to affect vested rights under outstanding certificates.

3. Section 11 of the Act of 1935, P. L. 1092, defining the beneficiaries of fraternal benefit societies, does not abrogate vested rights acquired before its passage.

4. Judgment nisi should be directed for the plaintiff for the amount of his claim.

### Judgment nisi

Now, December 22, 1937, judgment nisi is entered in favor of the plaintiff and against the defendant for the amount of plaintiff's claim. This judgment nisi will become final unless exceptions thereto are filed within 30 days.